SHAKER TOWERS CONDOMINIUM, Appellant.

v.

CITY OF CLEVELAND FIRE DEPARTMENT, Appellee.

[Cite as *Shaker Towers Condominium v. Cleveland Fire Dept.* (2000), 135 Ohio App.3d 742.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75062.

Decided Jan. 3, 2000.

*Kaman & Ott, Steven M. Ott, Joseph J. Cusimano* and *David W. Kaman,* for appellant.

*Shirley A. Tomasello,* Assistant Law Director; *Coaxum & Hewitt* and *Sylvester Summers, Jr.,* for appellee.

KILBANE, Judge.

In this appeal and cross appeal, both plaintiff Shaker Towers Condominiums and defendant City of Cleveland Fire Department ("city") claim that Judge Carolyn B. Friedland erred when she found that the Ohio Board of Building Appeals had created an incomplete record of the underlying administrative proceedings and remanded the action for further hearing. We dismiss this appeal and cross-appeal for lack of final appealable order.

Shaker Towers is a condominium association responsible for the maintenance, repair, and replacement of the common areas of the condominium property, including the elevator system located at 13800–13900 Shaker Boulevard in Cleveland and comprised of two twelve-story towers. On June 11, 1997, the city issued Citation No. 162–97–1 to Shaker Towers for violating Ohio Fire Code FM 313.1, which requires an elevator recall system. An elevator recall system is one that can be immediately activated to transport fire fighters and equipment to a specific floor to aid in rescue and extinguishment of fires.

On July 1, 1997, Shaker Towers filed its appeal from the citation with the Ohio Board of Building Appeals ("board") asserting that the fire inspector had requested a substantial renovation of the existing structure and requesting that it not be required to make the changes. Shaker Towers also claimed:

"The Board of Directors of the condominium association is unaware of any specific hazard which now exists which would warrant the installation of the elevator controls required by the citation[;] it is our opinion that a retrofit of the elevators should only be undertaken if a hazard has been proven to exist.

"The basis of our argument is taken from the Ohio Fire Code, specifically *1301:7–1–02(A) EM 101.1,* which permits existing conditions to continue in a structure so long as the conditions do not constitute a distinct hazard to life or

property in the opinion of the fire official. If disputed, then the fire official must establish by a preponderance of evidence that a 'distinct hazard to life or property' is present and if unable to do so then the current Ohio Fire Code cannot be invoked."

In a letter dated August 11, 1997, and addressed to Shaker Towers' property manager, David G. Enochian, the board acknowledged receipt of Shaker Towers' appeal, set a hearing date for August 20, 1997, and, upon its own motion, postponed the hearing until August 27, 1997. The record of proceedings contains a notice of the August 27th hearing, the time and location, dated August 18, 1997, and addressed to Enochian at Shaker Towers and the City of Cleveland Fire Department at City Hall.

Enochian and Charles Schulman, the president of Carlyle Management, the administrative agent for Shaker Towers, appeared at the hearing. Schulman argued the merits of the appeal, contending that the city did not have authority to require the "retrofit" of the buildings unless it showed by a preponderance of the evidence the existence of a distinct hazard to life or property. Schulman submitted a report supporting his arguments, but the board did not make the report a part of the record. The city did not appear at the hearing. At the conclusion of Schulman's testimony, one of the board members stated that "we would like to visit the building and talk to the Cleveland Fire Department and then we will have a decision. So we will contact you and make arrangements to do that."

In a decision dated October 24, 1997, the Board determined the following: "inasmuch as it would not be contrary to the public interest and unnecessary hardship would result if a literal enforcement of the Ohio Basic Building Code and/or the Ohio Fire Code was required, the Appellant is given three (3) years from the date of this Decision to install elevator recall system in one elevator for each group of two elevators."

On November 7, 1997, Shaker Towers filed its appeal in the Cuyahoga Court of Common Pleas. The parties filed their merit briefs in the form of a motion for summary judgment by Shaker Towers and a motion to dismiss by the city. The city's motion and brief in support included an affidavit from Geoffrey A. Cleveland, an Ohio Certified Fire Safety Inspector for the Cleveland Department of Public Safety, Division of Fire, Fire Prevention Bureau. In part, Cleveland stated that he had inspected Shaker Towers on four occasions since early 1997 and concluded that the elevators needed a recall system. He also stated that while he had received a June 3, 1997 letter from Enochian regarding the appeal, he had not received notice of the August 27, 1997 hearing. Cleveland also stated that he spoke with a board member about the property and the recall system sometime in September or early October 1997.

On July 28, 1998, the judge entered the following decision and order:

"This Court finds that the Ohio Board of Building Appeal[s] created an incomplete record of the underlying proceedings. Specifically, the record is silent as to the evidence which the Board gathered from Appellee City of Cleveland. This Court is unable to rule on an appeal absent an entire record. Therefore, this case is remanded to the Ohio Board of Building Appeal[s] for a hearing consistent with this Court's order. Final. [Vol. 2241, pg. 0703.]"

In the appeal and cross-appeal the parties argue that the judge erred when she ordered the appeal remanded to the Ohio Board of Building Appeals for a hearing for the purpose of completing an incomplete record. Rather than remand, Shaker Towers contends that the judge should have vacated the decision and found in its favor based upon the record. The city contends that the judge should have upheld the decision of the board because its decision was supported by reliable, probative, and substantial evidence. It also argues that, even if the judge was correct in remanding this action, to do so on the basis that the record was incomplete was improper. The city argues that the judge should have remanded the action because the city did not receive notice of the hearing date.

Because we find that the judge's order is not a final appealable order in accordance with R.C. 2505.02(B), we will not address the merits of this action. Section 2505.02(B)(3) of the Ohio Revised Code provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that vacates or sets aside a judgment or grants a new trial."

The order set forth above clearly does not vacate or set aside the decision of the Ohio Board of Building Appeals. It does not determine the merits of the appeal; rather, it effectively requires the board to hold a new hearing in order to create a better record for appellate review. Even though the judge indicated that the order was final, that does not determine the finality of the order under R.C. 2505.02. It is clear that the matter is still pending in her court subject to compliance with the judge's direction upon remand. *Route 20 Bowling Alley, Inc. v. Mentor* (Sept. 30, 1993), Lake App. No. 93–L–010, unreported, 1993 WL 408184; see, also, *Route 20 Bowling Alley, Inc. v. Mentor (after remand)* (Dec. 22, 1995), Lake App. No. 94–L–141, unreported, 1995 WL 869959. Therefore, the appeal and cross appeal are dismissed for lack of a final appealable order. *Our Lady of Angels Apts., Inc. v. Cuyahoga Cty. Bd. of Revision* (Dec. 15, 1994), Cuyahoga App. No. 66733, unreported, 1994 WL 706147.

*Appeals dismissed.*

SPELLACY, J., concurs.

PORTER, A.J., concurs in judgment only.