**WEDGEWOOD LIMITED PARTNERSHIP I, Appellant and Cross–Appellee,**

v.

**LIBERTY TOWNSHIP BOARD OF ZONING APPEALS,**
**Appellee and Cross–Appellant.**

[Cite as *Wedgewood Ltd. Partnership I v. Liberty Twp. Bd.*
*of Zoning Appeals,* 169 Ohio App.3d 840, 2007-Ohio-62.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 05–CAH–10–00068.

Decided Jan. 8, 2007.

Vorys, Sater, Seymour & Pease, L.L.P., Bruce Ingram, and Joseph Miller, for appellant.

Loveland & Brosius and William L. Loveland; Chester, Willcox & Saxbe and Craig B. Paynter, for appellee.

———————

EDWARDS, Judge.

{¶ 1} Plaintiff-appellant, Wedgewood Limited Partnership I, appeals from the September 22, 2005 decision and entry of the Delaware County Court of Common Pleas.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} In November 1991, the Liberty Township Board of Trustees adopted a resolution approving the rezoning of 345 acres of land from farm residential to a "Planned Commercial District," which is a type of planned unit development. At the same time, the trustees approved and adopted regulations applicable to the newly zoned Wedgewood Commerce Center. Those regulations, which are titled "Wedgewood Commerce Center Development Standards," were filed in February 1992.

{¶ 3} The Wedgewood Commerce Center Development Standards divide the Planned Commercial District into 17 separate subareas within the Wedgewood Commerce Center. Each of the subareas is designated for a specific use, including, among others, "Suburban Office," "Attached Housing," and "Commercial." Only Subareas 3, 8, and 9 are designated for commercial use.

{¶ 4} The "Subarea Development Criteria" for subarea 3 provides that the gross building area for that subarea is 220,857 square feet. In turn, the Subarea Development Criteria for subarea 8 states that the gross building area for that subarea is 144,553 square feet while the criteria for subarea 9 provides that the gross building area for that subarea is 134,520 square feet. Thus, the combined total gross commercial building area is 500,000 square feet. The Wedgewood Commerce Center Development Standards also require establishment of an architectural review committee.

{¶ 5} Following the adoption of the development plan for the Planned Commercial District, Liberty Township issued zoning certificates allowing commercial use in subareas that were designated for "suburban office" use rather than for commercial use.

{¶ 6} Subarea 3 of the Wedgewood Commerce Center, which was platted in 1994 as lot 2069 and comprises approximately 34 acres, has been owned by

appellant Wedgewood Limited Partnership I since 1991. In October 2003, appellant submitted an application for certain variances from the Liberty Township Zoning Resolution in order to construct a Wal–Mart Super Center on lot 2069, but later withdrew its application.

{¶ 7} Thereafter, on January 19, 2004, the Liberty Township Board of Trustees issued a "Public Statement and Instructions to Zoning Department Regarding Future Administration of Wedgewood Commerce Center Development Plan" to address the "significant controversy regarding proposed additional commercial development in the Wedgewood Commerce Commercial Center development and in Liberty Township, generally." In that document, the trustees interpreted the development plan as imposing a "floating" maximum of 500,000 square feet of commercial development in the Wedgewood Commerce Center. In that document, the trustees further stated:

{¶ 8} "Extensive review and analysis of the Wedgewood Commerce Center development plan, the minutes of the meetings which led to the approval of that plan, the policies that have been followed to date in administering that plan, and the discernable intent of all of the parties expressed during the conception and the process which led to the approval of the plan, has led us to conclude that the ultimately adopted plan imposed a 'floating' maximum of 500,000 sq. ft. of 'commercial' development in the Wedgwood Commerce Center. We have found evidence of the establishment of this limit in a number of different documents. Moreover, we have found no documents or proof through amendment processes which modified this 'overall' square footage cap, as best as we can conclude. * * *

{¶ 9} "The analysis reveals that the commercial development completed to date, and substantially through the approval process, has consumed most of the commercial square footages imposed by the development plan as an overall cap. The analysis also reveals that, on an acreage basis, commercial development to date has exceeded at least two of the acreage figures evidenced in the document which constitute the development plan, as amended.

{¶ 10} "Under these circumstances, we have determined that except for a few modest projects which have already completed the two-step 'major' administrative review process, all additional applicants seeking to construct retail or other arguable 'commercial' development in the Wedgewood Commerce will be required to seek approval as a 'major' plan of modification. In other words, we are instructing our zoning department to refrain from issuing zoning certificates for any additional commercial development in the Wedgewood Commerce Center, to issue such permits only after an approval through the 'two-step' major process has been completed. Each process will be considered to be an application to consume any remaining portion of the square footage limitation, or exceed that

limitation, and as a modification to expand the acreage limitation which we believe has been met."

{¶ 11} The Liberty Township Board of Trustees, in its public statement, further concluded that "the negotiated plan required an architectural review (design review) board and process which, in our view, has not been considered or operated as contemplated."

{¶ 12} Thereafter, on June 29, 2004, appellant submitted two separate applications for zoning permits to Liberty Township. The first application was for the retail/grocery component of the proposed Wal–Mart Super Center and indicated that the building area was 220,598 square feet. The second application was for a Murphy Oil gas station at the proposed Wal–Mart site and indicated that the building area was 243 square feet.

{¶ 13} As memorialized in a letter dated September 30, 2004, the Liberty Township zoning inspector denied the two applications on four grounds. The zoning inspector specifically found that the development plan for Wedgewood Commerce Center "remains incomplete, because at no time has this office received a revised Development Plan and Plat which in all respects conforms to the representations and commitments made at the meeting of the Liberty Township Board of Trustees which occurred on November 18, 1991, and at the hearings which preceded that final hearing." The zoning inspector further found that the proposed construction "would exceed the maximum allowable commercial acreage and square footage limitations that were expressly made a part of the development plan" and that the applications did not "include the required approval of the Wedgewood Commerce Architectural Review Committee." Finally, the zoning inspector found that the applications were "incomplete, internally inconsistent, and at variance with the requirements of Resolution and the Wedgewood Commerce Development Plan in many different respects." The deficiencies in the plans were specifically enumerated in the zoning inspector's letter.

{¶ 14} In response, appellant, on October 20, 2004, hand-delivered a letter to the zoning inspector, dated October 20, 2004, from appellant's treasurer indicating that appellant was withdrawing that portion of its application relating to the Murphy Oil gas station. Appellant's treasurer, in that letter, referenced an attached letter from its engineering firm, CESO Engineers and Surveyors, which addressed the concerns that the zoning inspector had raised in her September 30, 2004 letter.

{¶ 15} On or about October 19, 2004, appellant filed a notice of appeal from the zoning inspector's September 30, 2004 decision with appellee Liberty Zoning Board of Zoning Appeals. Appellant, in its appeal, alleged that the zoning inspector was incorrect and had acted improperly in determining that the

development plan for Wedgewood Commerce Center was incomplete and in determining that the proposed construction would exceed the maximum square foot limitations. Appellant also alleged that the zoning inspector was incorrect in holding that a zoning certificate could not be issued because there was no approval by the architectural review board and in finding that the application was incomplete.

{¶ 16} A public hearing was held on November 16, 2004. On January 11, 2005, the Board of Zoning Appeals adopted a document titled "Findings of Fact and Conclusions of Law" that affirmed the decision of the zoning inspector.

{¶ 17} Subsequently, on February 8, 2005, appellant filed a notice of appeal from the Board of Zoning Appeals' decision with the Delaware County Court of Common Pleas pursuant to R.C. 2506.01. The record of the proceedings before the Liberty Township Board of Zoning Appeals was filed with the trial court on March 18, 2005.

{¶ 18} On March 28, 2005, appellant filed a motion seeking to supplement the record with additional evidence, arguing that the record did not contain all of the "township's documents and other evidence that were relied upon by the township's zoning inspector and the [Board of Zoning Appeals] in denying the application for a zoning certificate." Appellant, in its motion, specifically alleged that the missing documents were the basis for the trustee's imposition of a "floating cap" on commercial development and a "two step" approval process and both the zoning inspector's decision and the decision of the Board of Zoning Appeals affirming the same.

{¶ 19} Pursuant to a decision and entry filed on May 13, 2005, the trial court denied appellant's motion, finding that "questions and concerns regarding certain documents and procedures should have been addressed at the hearing below and because they were not, this Court is unable to permit the record to be supplemented."

{¶ 20} The parties filed briefs in the trial court and a hearing was held on July 18, 2005. At the hearing, the trial court stated, on the record, as follows:

{¶ 21} "The Court: Counsel, let me tell you where I'm coming from so that you know what I really want you to address today. The two major issues as far as this court is concerned is one, what is the legal basis of the five hundred thousand square foot limit, and two, what are the facts as to whether or not the P.U.D. approved back in '92 expired or not."

{¶ 22} At the conclusion of the hearing, the trial court indicated on the record that it was thinking of remanding the matter to the Board of Zoning Appeals for additional evidence and asked the parties to file briefs addressing the issue of whether the trial court had the authority to do so. After briefs were filed by the

parties, the trial court, pursuant to a decision and entry filed on September 22, 2005, remanded the matter to the Liberty Township Board of Zoning Appeals. The trial court, in its decision and entry, stated:

{¶ 23} "In this case, vital information is missing from the Liberty Township Board of Zoning Appeals ('BZA') record that was submitted to this Court. Scarce, if any, testimony or exhibits were contained within the record that resolved questions pertaining to the basis of the zoning inspector's decision to deny Wedgewood's application for a zoning certificate. Further, the record was also devoid of evidence as to the legal basis of the 500,000 square foot commercial limit imposed upon the WCC; and evidence as to the affect of the originally approved PUD plan for the WCC on the commercial limit. As such, it appears that the BZA decision may have been reached without consideration of these crucial questions. It also has been demonstrated that such evidence may have reasonably affected the BZA's decision. Accordingly, this Court must remand this matter to the BZA to carry out its role as the finder of fact to determine the basis of zoning inspector's decision, as well as provide documentation of the legal basis of the 500,000 square foot commercial limit on the Wedgewood Commerce Center Plan Development and the affect of the original Planned Unit Development Plan. Therefore, this case is hereby REMANDED to the Liberty Township Board of Zoning Appeals."

{¶ 24} Appellant now appeals from the trial court's September 22, 2005 decision and entry, raising the following assignments of error on appeal:

{¶ 25} "I. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals in order to consider additional evidence and by not entering judgment in favor of plaintiff-appellant where the record before the BZA was complete on the issue of the nonexistence of a 'floating cap' on commercial development and, thus, remand is only an invitation to create evidence where none exists.

{¶ 26} "II. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals to consider additional evidence and by not entering judgment in favor of plaintiff-appellant where the township trustees' January 19, 2004 instructions, which announced the creation of a 'floating cap' on commercial development that the court of common pleas recognized served as the primary basis for denial of a zoning certificate to plaintiff-appellant, were an invalid legislative act and, thus, remand to consider further evidence on this matter is futile.

{¶ 27} "III. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals and by not entering judgment in favor of plaintiff-appellant since the preponderance of the substantial, reliable, and probative evidence does not support the denial of a zoning certificate to plaintiff-

appellant because plaintiff-appellant's application for a zoning certificate complied with all requirements of the development plan and the January 19, 2004 instructions issued by the township trustees are illegal, unconstitutional, and unenforceable.

{¶ 28} "IV. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals and by not entering judgment in favor of plaintiff-appellant since the January 19, 2004 instructions and denial of plaintiff-appellant's application for zoning certificate on the basis of those instructions violated plaintiff-appellant's right to due process of law.

{¶ 29} "V. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals and by not entering judgment in favor of plaintiff-appellant since the township is barred by equitable estoppel and laches from enforcing a 'floating cap' on commercial development that takes into account developments approved in subareas designated in the development plan for 'suburban office' use.

{¶ 30} "VI. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals and by not entering judgment in favor of plaintiff-appellant since the preponderance of the substantial, reliable, and probative evidence does not support the denial of a zoning certificate to plaintiff-appellant because: plaintiff-appellant's application for zoning certificate complied with all technical aspects of the zoning resolution; the development plan does not require the approval of an architectural review committee for a zoning certificate to be issued; plaintiff-appellant did not consent to commercial development in subareas designed in the development plan for 'suburban office' use; and no modification of the development plan is necessary for plaintiff-appellant to be entitled to a zoning certificate."

{¶ 31} In turn, appellee raises the following assignment of error on cross-appeal:

{¶ 32} "I. The court of common pleas erred by remanding this administrative appeal to the Board of Zoning Appeals to consider additional evidence, and by not entering judgment in favor of defendant-appellees, where all of the evidence in the record demonstrates that as a matter of law the decisions of the township zoning inspector and the township Board of Zoning Appeals affirming the zoning inspector's decision were constitutional and lawful, and supported by all of the substantial, reliable, and probative evidence on the record as a whole."

{¶ 33} However, before addressing the merits of the assignments of error, we must first address whether the September 22, 2005 decision and entry of the

Delaware County Court of Common Pleas is a final, appealable order.[1]

{¶ 34} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶ 35} Revised Code 2505.02 states:

{¶ 36} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 37} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 38} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgement;

{¶ 39} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 40} "(4) An order that grants or denies a provisional remedy and to which both of the following apply;

{¶ 41} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 42} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 43} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶ 44} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code."

---

1. Previously, this court, pursuant to a judgment entry filed on February 21, 2006, denied appellees' motion to dismiss for lack of a final, appealable order. However, that finding was subject to reconsideration. See, for example, *Tabbaa v. Koglman*, Cuyahoga App. No. 83215, 2004-Ohio-2706, 2004 WL 1172307, and *Hayes v. White* (Dec. 3, 2001), Columbiana App. No. 01 CO 00, 2001 WL 1568866.

{¶ 45} In the case sub judice, appellant specifically argues that the trial court's September 22, 2005 decision and entry is a final, appealable order pursuant to R.C. 2505.02(B)(2) and 2505.02(B)(3). We disagree.

{¶ 46} As is stated above, R.C. 2505.02(B)(2) provides that an "order that affects a substantial right made in a special proceeding" is a final, appealable order. A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future. *Neary v. Bd. of Zoning Appeals* (July 30, 1999), Montgomery App. No. 17428, 1999 WL 960777, at *4, citing *State v. Chalender* (1994), 99 Ohio App.3d 4, 6–7, 649 N.E.2d 1254.

{¶ 47} We find that the order appealed from is not a final, appealable order since the trial court's September 22, 2005 decision and entry did not preclude the possibility that appellant's application for a zoning permit would be granted on remand. In *Neary*, supra, the appellant, after three of his permits for construction of a billboard were revoked and five other permits for construction of billboard signs were denied by a zoning inspector, filed an appeal with the Board of Zoning Appeals ("BZA"). The appellant, in his appeal, requested that if the zoning inspector's decision was upheld, he be granted variances for the eight proposed billboards. The BZA denied the appellant's applications for permits and refused his request for variances for them.

{¶ 48} The appellant in *Neary* then appealed to the Montgomery County Common Pleas Court pursuant to R.C. 2506.01. The appellant, in his brief to the trial court, asserted five assignments of error. The appellant argued that the BZA had acted in an arbitrary, capricious, and unreasonable manner by interpreting the zoning code as limiting billboards to no more than 50 square feet in size, that the code sections relevant to the BZA's decision were unconstitutional since they had the effect of banning all billboards within the city limits of Moraine, and that the zoning code contained an unconstitutional delegation of legislative authority inasmuch as the BZA enjoyed unfettered discretion in determining whether to grant or deny variance requests. The appellant in *Neary* also argued that the code was being arbitrarily enforced and that the BZA should be equitably estopped from revoking the three previously granted permits.

{¶ 49} The common pleas court sustained Neary's first assignment of error and remanded the case to the BZA with instructions to "determine what restrictions or limitations apply to Neary's billboards." The court further found that the appellant's second and fifth assignments of error were moot and overruled his third and fourth assignments of error.

{¶ 50} On remand in *Neary,* the BZA denied the appellant's request for permits and his requests for variances. The appellant then appealed.

{¶ 51} The Second District Court of Appeals noted, as a preliminary matter, that it had to determine whether the trial court's decision following the appellant's first appeal to that tribunal constituted a final, appealable order. In holding that that decision was not a final, appealable order, the Second District Court of Appeals stated: "Since the trial court's first decision did not preclude the possibility of Neary's applications being granted on remand, we cannot say his substantial right to use the land, if existent, was affected by the decision. Therefore, we conclude that the [sic] neither R.C. § 2505.02(B)(1) nor (2) provide a basis for finding the trial court's first decision to be a final appealable order." *Neary,* Montgomery App. No. 17428, 1999 WL 960777, at *4. For the same reason, we hold that the trial court's September 22, 2005 decision and entry was not a final, appealable order.

{¶ 52} The next issue for determination is whether the trial court's September 22, 2005 decision and entry was a final, appealable order under R.C. 2505.02(B)(3). Appellant maintains that the trial court's remand order, in effect, grants a new trial and thus is a final order as defined in R.C. 2505.02(B)(3). However, we find that the trial court's order does not grant a trial de novo since the trial court had not reached the merits of the case and did not render its decision on the matter. Thus, the trial court retained jurisdiction over this matter. See *Eberhard Mfg. v. Santa* (July 19, 2001), Cuyahoga App. No. 78588, 2001 WL 824454. Accordingly, the trial court's September 22, 2005 decision and entry is not a final, appealable order pursuant to R.C. 2505.02(B)(3).

{¶ 53} We further note that the similar issue of whether a court of common pleas order remanding a case for further hearing to the Board of Building Appeals was a final, appealable order was considered in *Shaker Towers Condominium v. Cleveland Fire Dept.* (2000), 135 Ohio App.3d 742, 735 N.E.2d 520. In that case, a condominium association appealed from a decision of the Board of Building Appeals that required it to install an elevator recall system. The trial court remanded the matter to the Ohio Board of Building Appeals for a hearing, finding that the record was incomplete. In holding that the trial court's order was not a final, appealable order, the Eighth District Court of Appeals stated: "The order set forth above clearly does not vacate or set aside the decision of the Ohio Board of Building Appeals. It does not determine the merits of the appeal; rather, it effectively requires the board to hold a new hearing in order to create a better record for appellate review. Even though the judge indicated that the order was final, that does not determine the finality of the order under R.C.

2505.02. It is clear that the matter is still pending in her court subject to compliance with the judge's direction upon remand." Id. at 745, 735 N.E.2d 520.

{¶ 54} Finally, while appellant cites numerous cases in support of its proposition that orders of remand to an administrative body in an administrative appeal under R.C. Chapter 2506 are final, appealable orders, we find that those cases are distinguishable from this case. In *Stace Dev., Inc. v. Wellington Twp. Bd. of Zoning Appeals*, Lorain App. No. 04CA008619, 2005-Ohio-4798, 2005 WL 2219618, for example, the appellant appealed the trial court's decision reversing the BZA's denial of a zoning variance and ordering the BZA to reconsider the variance petition filed by the appellee. In *Hensel v. Bd. of Zoning Appeals Lake Township*, Stark App. No. 2001–CA–00046, 2001-Ohio-1377, 2001 WL 1131058, which was decided by this court, the trial court reversed the decision of the Board of Zoning Appeals and remanded the matter to the BZA to consider whether or not to grant a variance. In *Perez v. City of Cleveland Bd. of Zoning Appeals* (Jan. 13, 2000), Cuyahoga App. No. 75166, 2000 WL 23123, the appellant City of Cleveland Board of Zoning Appeals appealed from a decision by the trial court reversing the BZA's denial of a request for a change of use permit and remanding the matter to the BZA. In all of the above cases, the trial court reversed a decision made by the BZA before remanding the matter to the BZA. In other words, the trial court made a decision on the merits. The trial court in this matter did not do so.[2] The trial court in this matter remanded the cause to the BZA for additional action. The trial court never made a decision on the assignments of error that were before it.

---

**2.** {¶ a} See, also, *Geisert v. Willoughby Zoning Bd.* (Sept. 30, 1993), Lake App. No. 93–L–020, 1993 WL 407240. In that case, the Willoughby Zoning Board revoked a conditional use permit and the appellant then appealed to the court of common pleas. The court of common pleas reversed the decision of the zoning board and remanded solely because the board had failed to make findings of fact and conclusions of law.

{¶ b} In holding that the trial court's order was not a final appealable order, the court in *Geisert* stated:

{¶ c} "At this time, the trial court's order does not address the merits of whether the conditional user permit should or should not be revoked. Either appellant of appellee could prevail after the Board complies with the trial court's order. Therefore, the court's judgment does not determine the matter and prevent a judgment. Route 20 Bowling Alley, Inc. [v. Mentor (Sept. 30, 1993)], Lake App. No. 93–L–010, at 2 [1993 WL 408184]; *The Lyden Company [v. Mun. Planning Comm. of Mentor* (Sept. 17, 1993)], Lake App. No. [92–L–193] at 4–5 [1993 WL 424789]."

{¶ d} In addition to our analysis that the trial court's decree does not determine the matter and prevent a judgment, it likewise does not affect a substantial right.

{¶ e} " 'Nothing in the trial court's order prevents either party from having the trial court review the [Board's] ruling once it complies with the remand directive. Additionally, either party will have the ability to appeal from the trial court's final order once it is issued, * * * provided a timely notice of appeal is filed.' *Route 20 Bowling Alley, Inc.*, at 3–4, 1993 WL 408184." *Geisert* at 2, 1993 WL 407240.

{¶ 55} Based on the foregoing, we find that the September 22, 2005 decision and entry of the Delaware County Court of Common Pleas was not a final, appealable order.

{¶ 56} The appeal and cross-appeal are, therefore, dismissed.

Judgment accordingly.

HOFFMAN, P.J., and BOGGINS, J., concur.