MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the May 6, 2008 judgment of the Geauga County Court of Common Pleas, denying her post-divorce decree "Emergency Ex-Parte Motion for Residential Custody" and "Motion to Set Evidentiary Hearing on Disputed Facts," filed on April 29, 2008. The trial court in its judgment found that the parties' youngest son Nicholas turned 18 on September 12, 2007, and that, "other than for purposes of child support, Nicholas is emancipated and can reside with whom he *Page 2 
chooses." Based on this finding, the court denied appellant's motion.
 {¶ 2} Our review of the trial court's docket in the parties' divorce case indicates that on May 6, 2008, the date the trial court's judgment on the instant motions was filed, appellant's appeal of the divorce decree in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263
("Nemeth I") was pending. Our review of the appellate docket inNemeth I reveals that, prior to the release of our opinion in that case, the underlying divorce case had never been remanded to the trial court for the purpose of ruling on the foregoing post-decree motions, and that appellant never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra.
 {¶ 4} The subject motion, asking the trial court to award appellant custody of the parties' youngest son Nicholas, was inconsistent with the divorce decree awarding custody to appellee. If the trial court had granted the motion, such order would have been in conflict with our ability to reverse, modify, or affirm the divorce decree. The trial court therefore did not have jurisdiction to rule on such motion
 {¶ 5} Moreover, in our opinion in Nemeth I, this court held that, because *Page 3 
Nicholas had turned 18 while the appeal was pending, appellant's challenge to the trial court's custody determination was moot. This decision follows precedent established by this court in In reDahmen, 11th Dist. No. 2007-T-0037, 2008-Ohio-2129.
 {¶ 6} Article IV, Section 4(B) of the Ohio Constitution gives the courts of common pleas original jurisdiction "over all justiciable matters" before them. It follows that if the courts of common pleas' original jurisdiction is limited to "justiciable matters," the subject matter jurisdiction of the court — that is, "the power to hear and decide a case on the merits," see Morrison v. Steiner (1972),32 Ohio St.2d 86, paragraph one of the syllabus — is limited to justiciable matters. If what was once a justiciable matter becomes moot, the courts of common pleas no longer have subject matter jurisdiction to hear the case. As noted, supra, when appellant filed her post-decree motion for custody, her youngest son had already turned 18. Her motion was therefore moot. For this additional reason, the trial court did not have jurisdiction to rule on appellant's request for custody of her adult son.
 {¶ 7} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1