**WEDGEWOOD LIMITED PARTNERSHIP I, Appellant and Cross–Appellee,**

v.

**LIBERTY TOWNSHIP BOARD OF ZONING APPEALS
et al., Appellees and Cross–Appellants.**

[Cite as *Wedgewood Ltd. Partnership I v. Liberty Twp. Bd.
of Zoning Appeals*, 187 Ohio App.3d 24, 2010-Ohio-2068.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 09 CAH 07 0064.

Decided April 28, 2010.

Bruce L. Ingram and Joseph R. Miller, for appellant and cross-appellee.

William L. Loveland, Michael W. Currie, Scott A. Campbell, and Craig B. Paynter, for appellees and cross-appellants.

---

WISE, Judge.

{¶ 1} Appellant and cross-appellee, Wedgewood Limited Partnership I, appeals the decision of the Court of Common Pleas, Delaware County, which dismissed an administrative zoning appeal brought by appellant regarding a retail superstore project. The appellees and cross-appellants are Liberty Township (Delaware County), the Liberty Township Board of Trustees, the Liberty Township zoning inspector, and the Liberty Township Board of Zoning Appeals ("BZA"). The relevant facts leading to this appeal are as follows.

{¶ 2} In November 1991, the Liberty Township Board of Trustees adopted a resolution approving the rezoning of 345 acres of land from farm residential to a planned commercial district. At the same time, the trustees approved and adopted regulations applicable to the newly zoned Wedgewood Commerce Center. These regulations were filed in February 1992.

{¶ 3} The Wedgewood Commerce Center Development Standards divide the planned commercial district into 17 separate subareas within the Wedgewood Commerce Center, of which subareas 3, 8, and 9 are designated for commercial use.

{¶ 4} The subarea development criteria for subarea 3 provides that the gross building area for that subarea is 220,857 square feet. In turn, the subarea development criteria for subarea 8 states that the gross building area for that subarea is 144,553 square feet, while the criteria for subarea 9 provides that the gross building area for that subarea is 134,520 square feet. Thus, the combined total gross commercial building area is 500,000 square feet. Following the adoption of the development plan for the planned commercial district, Liberty Township issued zoning certificates allowing commercial use in subareas that were designated for suburban office use rather than for commercial use.

{¶ 5} Subarea 3 of the Wedgewood Commerce Center, which was platted in 1994 as lot 2069 and comprises approximately 34 acres, has been owned by appellant since 1991. In October 2003, appellant submitted an application for certain variances from the Liberty Township zoning resolution in order to construct a Wal–Mart Super Center on lot 2069 but later withdrew its application.

{¶ 6} On January 19, 2004, the Liberty Township Board of Trustees issued a public statement and instructions to the zoning department regarding the future administration of the Wedgewood Commerce Center development plan. In that document, the trustees interpreted the development plan as imposing a "floating" maximum of 500,000 square feet of commercial development in the Wedgewood Commerce Center.

{¶ 7} The trustees, in the public statement, further concluded that "the negotiated plan required an architectural review (design review) board and process which, in our view, has not been considered or operated as contemplated."

{¶ 8} In June 2004, Charles Ruma, on behalf of appellant, filed two applications for zoning permits concerning lot 2069 in the Wedgewood Commerce Center, Liberty Township. One application sought approval for a Wal–Mart superstore, approximately 220,000 square feet in size. The other application sought approval for a Murphy Oil gas station, including a 243-square-feet building.

{¶ 9} On September 30, 2004, the Liberty Township zoning inspector denied both of Ruma's applications.

{¶ 10} On October 20, 2004, appellant filed a notice of appeal to the BZA from the zoning inspector's denial. Appellant alleged that the zoning inspector had acted improperly in determining that the development plan for Wedgewood Commerce Center was incomplete and in determining that the proposed con-

struction would exceed the maximum square foot limitations. Appellant also alleged that the zoning inspector was incorrect in holding that a zoning certificate could not be issued because there was no approval by the architectural review board and in finding that the application was incomplete.

{¶ 11} A public hearing was held on November 16, 2004. On January 11, 2005, the BZA adopted a document titled Findings of Fact and Conclusions of Law that affirmed the decision of the zoning inspector.

{¶ 12} Subsequently, on February 8, 2005, appellant filed a notice of appeal from the BZA's decision with the Delaware County Court of Common Pleas, pursuant to R.C. 2506.01. The parties filed briefs in the trial court, and a hearing was held on July 18, 2005.

{¶ 13} Appellant filed an administrative appeal to the trial court under R.C. Chapter 2506. On September 22, 2005, the court remanded the case to the BZA for further review and findings.

{¶ 14} Appellant appealed to this court from the September 22, 2005 decision. Upon review, we found that the decision was not a final, appealable order. We thus dismissed appellant's appeal to this court. See *Wedgewood Ltd. Partnership I v. Liberty Twp. Bd. of Zoning Appeals*, 169 Ohio App.3d 840, 2007-Ohio-62, 865 N.E.2d 123.

{¶ 15} The BZA conducted ten evidentiary hearings between September 11, 2007, and June 24, 2008.

{¶ 16} In the meantime, on September 25, 2008, in a related action in federal court, the United States District Court, Southern District of Ohio, issued a ruling that the 500,000 floating cap on commercial square footage would be enjoined from enforcement. See *Wedgewood Ltd. Partnership I v. Twp. of Liberty, Ohio* (S.D.Ohio 2008), 578 F.Supp.2d 941.

{¶ 17} The BZA, on October 21, 2008, issued a ruling with findings of fact and conclusions of law that affirmed the zoning inspector's denial of the zoning certificate. The BZA further specifically found that Wal–Mart had abandoned its plan to build the superstore and that Wal–Mart's contract with appellant had expired.

{¶ 18} On November 19, 2008, appellant again filed an appeal to the trial court under R.C. Chapter 2506.

{¶ 19} On June 11, 2009, the trial court found that the issues in the administrative appeal were moot and therefore dismissed the appeal. On July 9, 2009, appellant filed a notice of appeal to this court. It herein raises the following sole assignment of error:

{¶ 20} "I. The trial court committed an error of law when it concluded that the controversy between Wedgewood Limited Partnership I and the Liberty Township Board of Zoning Appeals is moot."

{¶ 21} In its sole assignment of error, appellant contends the trial court erred in dismissing its R.C. Chapter 2506 administrative appeal on grounds of mootness. We disagree.

{¶ 22} As an appellate court, the standard of review to be applied in an R.C. 2506.04 appeal is somewhat limited in scope. See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. See also *Health Mgt., Inc. v. Union Twp. Bd. of Zoning Appeals* (1997), 118 Ohio App.3d 281, 285, 692 N.E.2d 667. Generally, the issue of mootness is a question of law; an appellate court therefore reviews a trial court's decision finding a matter moot under the de novo standard of review. *Harris v. Akron*, Summit App. No. 24499, 2009-Ohio-3865, 2009 WL 2383000, ¶ 6.

{¶ 23} We have frequently recognized that an appellate court is not required to render an advisory opinion on a moot question or abstract proposition. See, e.g., *Moton v. Ford Motor Credit Co.* (Dec. 17, 2001), Richland App. No. 01CA4, 2001 WL 1674104. Unless required to do so by statute or directive by a higher court, we find no reason that this principle would not apply to a common pleas court hearing an administrative appeal. Indeed, in the case of *Springtime Co. v. Union Twp. Bd. of Zoning Appeals* (June 11, 1996), Licking App. No. 96–CA–31, 1996 WL 363812, a case that originated as a zoning dispute over a planned service station, we concluded: "It is apparent from the record that the appeal was moot at the time it was considered by the trial court. Appellant submitted an application for construction of a Go–Mart [Service Station]. However, *it is clear that Go–Mart had abandoned its plans to place a Go–Mart on appellant's property,* and appellant had no specific plans for the property." (Emphasis added.) Id. at *1. We thus held that the appeal was moot at the time it was considered by the trial court, and we overruled all the assigned errors without further analysis. Id.

{¶ 24} Appellant first contends that the denial of a zoning certificate does not necessarily kill the controversy between the property owner and the BZA simply because a third-party contract to buy the property has lapsed, particularly when the protracted dispute between the property owner and the township has allegedly caused the lapse. However, as aptly recognized by the

Tenth District Court of Appeals, " '[a] moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, * * * or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Grove City v. Clark,* Franklin App. No. 01AP–1369, 2002-Ohio-4549, 2002 WL 2025334, ¶ 11, quoting *Culver v. Warren* (1948), 84 Ohio App. 373, 393, 39 O.O. 506, 83 N.E.2d 82. In the case sub judice, the record reveals no written or oral agreement that Wal–Mart plans to revive the contract. In fact, Ruma has stated that he can merely assume that Wal–Mart is still interested in pursuing the project. Under a different set of circumstances, we might look at the issue of the feasibility of alternative uses of a developed superstore building and site. However, Ruma's testimony reveals that all other developers who have expressed any interest in lot 2069 do not intend to construct a building even remotely close to that in appellant's zoning petition. It is thus highly unlikely that any court opinion now will have a "practical legal effect." *Clark.*

{¶ 25} Appellant also urges that we address the merits of this appeal on the grounds that the issues before us are capable of repetition, yet evading review. See, e.g., *In re Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308. However, this exception to the mootness doctrine requires a showing of "exceptional circumstances." See *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182. We note that in *Weinfeld v. Welling* (April 9, 2001), Stark App. No. 2000CA00252, 2001 WL 361176, this court rejected an appellant's attempt to invoke this exception, quoting as follows from the case of *Angerman v. State Med. Bd. of Ohio* (Feb. 27, 1990), Franklin App. Nos. 89AP–896 and 89AP–897, 1990 WL 17295: "As an intermediate appellate tribunal, it is a primary function of this court to locate, identify, and, if necessary, correct error committed at the trial court or administrative level. See Article IV, Section 3, Ohio Constitution. Unlike the Ohio Supreme Court, we are not a policy-making body and, therefore, while the doctrine of mootness may be defeated at the Supreme Court level, we here are bound by it. 4 Ohio Jurisprudence 3d (1978) 268, Appellate Review, Section 119, and 4 Ohio Jurisprudence 3d (1978) 861, Appellate Review, Sections 478–479."

{¶ 26} Upon review, we find no reversible error in the trial court's dismissal of appellant's administrative appeal in this matter on grounds of mootness.

{¶ 27} Accordingly, appellant's sole assignment of error is overruled.

*Cross-Appeal*

{¶ 28} Appellees raise the following assignments of error on cross-appeal:

{¶ 29} "I. While the trial court correctly ruled that Wedgewood Limited Partnership I's administrative appeal was moot, because Wedgewood's administrative appeal was moot, the trial court lacked subject matter jurisdiction to decide any other issues, and therefore erred when it went on to decide matters beyond the mootness issue.

{¶ 30} "II. In the event that this court rules Wedgewood's administrative appeal was not moot, or that the trial court did not err when it went on to decide matters beyond the mootness issue, the trial court erred when it failed to consider whether the record contains substantial and probative evidence to support the Liberty Township Board of Zoning Appeals' October 21, 2008 decision, and gave no deference to the BZA's findings of fact and conclusions of law."

## I

{¶ 31} We agree with the proposition advanced by appellees and cross-appellants that the trial court's finding of mootness precluded further rulings as to the validity of the 500,000–square–foot floating-cap restriction. "If what was once a justiciable matter becomes moot, the courts of common pleas no longer have subject matter jurisdiction to hear the case." *Nemeth v. Nemeth,* Geauga App. No. 2008–G–2844, 2008-Ohio-4679, 2008 WL 4216417, ¶ 6.

{¶ 32} Appellees' first assignment of error on cross-appeal is sustained.

## II

{¶ 33} We find it unnecessary to address appellees' second assignment of error because the issue is moot based on our disposition of appellant's assigned error. Cf., e.g., *Burkey v. Teledyne Farris* (June 30, 2000), Tuscarawas App. No. 1999AP030015, 2000 WL 968695,

{¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

GWIN, P.J., and DELANEY, J., concur.