OPINION
{¶ 1} This appeal stems from a decision of the Lake County Court of Common Pleas in which the court held that the City of Mentor-on-the-Lake's zoning ordinance section 1252.04 was unconstitutional as applied to the sublot owned by appellee, Charles A. Pengal and, further, that the denial of appellee's requested variance constituted an unconstitutional taking of appellee's property.
 {¶ 2} The following undisputed facts are relevant to a determination of this appeal. Appellee owns a sublot in the City of Mentor-on-the-Lake, Ohio, that is known as 18 Manor Drive. Appellee purchased the property in March of 1999. It is 40.02 feet in width and 155 feet in depth, and consists of approximately 6,280 square feet. The property is currently vacant, and is surrounded by residential homes.
 {¶ 3} The property was platted as a sublot when the original subdivision plat was filed with the Lake County Recorder in 1926, which date was prior to the enactment of the City's planning and zoning code.
 {¶ 4} The property is currently zoned Single Family District, which limits the use of the property to single family residences, parks, recreation uses, institutions, churches, schools, and publicly owned buildings. Section 1252.04 of the zoning code, which was enacted on July 24, 1979, requires that any structure constructed within the Single Family District have a minimum area of 8,400 square feet, and a minimum width at the building line of 60 feet.
 {¶ 5} In the summer of 1999, appellee applied for a zoning permit to construct a single-family residence on the property. The City's zoning inspector refused to issue a permit. Appellee filed an appeal of that decision with the Board of Zoning Appeals ("BZA"), but his appeal was denied. Appellee did not appeal that decision to the common pleas court.
 {¶ 6} On January 29, 2002, appellee once again applied to the City for a zoning permit to build a single-family residence on the property. In support of this application, appellee submitted the same building plan that he submitted with his 1999 application. The City's zoning inspector again refused to issue a permit. Appellee appealed that decision to the BZA, but his appeal was again rejected. Appellee did not appeal to the common pleas court.
 {¶ 7} On May 20, 2003, appellee filed the underlying declaratory judgment action seeking a declaration that (1) the prohibition of appellee's proposed construction by the zoning ordinance is unconstitutional as applied to his property, and (2) the City's refusal to permit the proposed construction constitutes an unconstitutional taking of his property without just compensation in violation of Article1 of the Ohio Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution.
 {¶ 8} On September 2, 2004, the trial court issued its opinion that is the subject of this appeal. In its decision, the trial court declared that the zoning ordinance was unconstitutional as applied to appellee's property, and that the denial of the variance by the City constituted an unconstitutional taking of his property.
 {¶ 9} Appellants, the City of Mentor-on-the-Lake, the Mentor-on-the-Lake City Council, and the Mentor-on-the-Lake BZA, filed a timely notice of appeal and have now set forth two assignments of error.
 {¶ 10} In the first assignment of error, appellants contend that the trial court erred by holding that the doctrines of res judicata and failure to exhaust administrative remedies did not apply in this case.
 {¶ 11} Appellants assert that appellee's declaratory judgment action should have been barred by res judicata because appellee failed to appeal the BZA's opinions in 1999 or 2003.
 {¶ 12} Under the doctrine of res judicata, a subsequent action is barred if the following elements are met. "(1) a final judgment or decree rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; (3) between the same parties as are in the current action or their `privies.'" Kirkhart v. Keiper, 11th Dist. No. 2001-P-0069, 2002-Ohio-6472, at ¶ 14, rev'd on other grounds, Kirkhart v. Keiper, 101 Ohio St.3d 377,2004-Ohio-1496, quoting United States v. LTV Steel Co., Inc. (N.D. Ohio 2000), 118 F.Supp.2d 827, 835-836.
 {¶ 13} It is clear that the doctrine of res judicata is not applicable in the case sub judice because the constitutionality of the zoning ordinance had never been raised. Thus, the second element of the three-part test has not been met.
 {¶ 14} The Supreme Court of Ohio addressed a similar issue in Ameighv. Baycliffs Corp., 81 Ohio St.3d 247, 1998-Ohio-467. In that case, the court held that the doctrine of res judicata did not bar a declaratory judgment action which had been filed to challenge the constitutionality of a zoning permit even though the permit had been the subject of two prior administrative appeals. This was because the constitutionality of the zoning permit had not been determined in either of the two prior proceedings. The same logic applies here.
 {¶ 15} Appellants next claim that the trial court erred by not dismissing appellee's complaint based upon appellee's failure to exhaust his administrative remedies. Appellants submit that appellee was required to file an administrative appeal to the common pleas court pursuant to R.C. 2506 prior to initiating the instant declaratory judgment action.
 {¶ 16} This argument, however, has been rejected by the Supreme Court of Ohio in a similar case. In Driscoll v. Austintown Associates (1975),42 Ohio St.2d 263, the court held that a property owner has a right to proceed with a declaratory judgment action to challenge the constitutionality of a zoning restriction regardless of whether the owner could have filed an administrative appeal.
 {¶ 17} Driscoll was subsequently reaffirmed by the Supreme Court of Ohio in Karches v. Cincinnati (1988), 38 Ohio St.3d 12. There, the court again held that a declaratory judgment action was the proper method to challenge a zoning ordinance as it applies to a specific parcel of property. Id. at 18. See, also, this court's opinion in Fulmer v. RandolphTownship (Sept. 30, 1988), 11th Dist. No. 1815, 1988 Ohio App. LEXIS 3967.
 {¶ 18} Based upon the foregoing analysis, the trial court did not err by holding that the doctrines of res judicata and failure to exhaust administrative remedies were not applicable to this case.
 {¶ 19} Appellants' first assignment of error is without merit.
 {¶ 20} In the second assignment of error, appellants contend that the trial court erred when it held that the Mentor-on-the-Lake zoning ordinance was unconstitutional as applied to appellee's sublot.
 {¶ 21} The Supreme Court of Ohio, in Negin v. Bd. of Building andZoning Appeals (1982), 69 Ohio St.2d 492, held that the city's denial of a property owner's variance constituted an unconstitutional taking of the owner's property. The court's decision was based on the same facts present in the instant cause. Namely, that the property had been platted as a single tax parcel and held in separate ownership since prior to the enactment of the relevant zoning ordinance. The court stated:
 {¶ 22} "It is uncontroverted that appellee's lot was platted and has been held in single and separated ownership since before the enactment of the subject zoning ordinance. As such, a nonconforming use as to minimum area and frontage requirements for home construction is established and may be continued. Curtiss v. Cleveland (1959), 170 Ohio St. 127,163 N.E.2d 682. See, also, Morris v. Los Angeles (1953),116 Cal.App.2d 856, 254 P.2d 935; Hyndiuk v. Chicago (1973),14 Ill.App.3d 1057, 304 N.E.2d 6; Robyns v. Dearborn (1954),341 Mich. 495, 67 N.W.2d 718." Id. at 496.
 {¶ 23} The Negin decision has been followed by this court in Schreinerv. Russell Twp. Bd. of Trustees (1990), 60 Ohio App.3d 152. InSchreiner, the property owner filed a declaratory judgment action seeking a declaration that the minimum area lot requirements of the Russell Township zoning code were unconstitutional as applied to certain lots. The trial court held in favor of the property owner, and this court affirmed on the basis of Negin.
 {¶ 24} Until recently, the analysis of appellant's second assignment of error would end here.[1] However, the United States Supreme Court's decision in Lingle v. Chevron U.S.A. Inc. (2005), 125 S.Ct. 2074, has changed "takings" jurisprudence.
 {¶ 25} Prior to Lingle, a party could establish a zoning related takings claim on one of the two grounds: (1) the zoning provision did not substantially advance a legitimate municipal health, safety or welfare interest, or (2) the zoning restriction deprived an owner of all
economically viable use of the property. Agins v. Tiburon (1980),447 U.S. 255, 260. In Lingle, the United States Supreme Court held that the "substantially advance" formula is not a valid method of identifying compensable regulatory takings. 125 S.Ct. at 2085. Rather, the United States Supreme Court held that the "substantially advances" formula is a due process test, which has no place in takings jurisprudence. Id. at 2084.
 {¶ 26} Based on Negin, the lower court in this case correctly declared "that the zoning ordinance was unconstitutional as applied to [appellee's] sublot." The lower court then held that "the denial of the requested variance constituted an unconstitutional taking of [appellee's property]." However, the lower court did not indicate whether the basis for its "taking" ruling was the lack of a substantial relationship between appellant's zoning restrictions and any legitimate health, safety, or welfare, concerns of the city, or because appellants' actions rendered appellee's property economically nonviable. While this distinction was unnecessary prior to Lingle, that decision now necessitates the inclusion of the grounds for a "taking" ruling to facilitate a proper review on appeal. In light of Lingle, we will not attempt clairvoyance as to the basis for the trial court's "taking" ruling in this case. Rather, appellant's second assignment of error has merit limited to the extent that the trial court's ruling does not specify as to which prong of the Agins test the lower court based its ruling of an unconstitutional taking in this case.
 {¶ 27} While, the trial court correctly declared that the zoning ordinance at issue was unconstitutional as applied to appellee's sublot, the trial court needs to review its ruling of an unconstitutional taking in light of the United States Supreme Court's recent decision in Lingle.
 {¶ 28} The judgment of the trial court is hereby affirmed in part, and reversed in part for the reason stated above. This matter is remanded to the trial court for the limited purpose of the trial court's review and clarification of its "unconstitutional taking" ruling pursuant toLingle, 125 S.Ct. 2074, and for no other purpose.
Rice, J., O'Toole, J., concur.
[1] Appellee, in Count II, paragraph 2 of his complaint for Declaratory Judgment in this case asks the court to order appellant "to pay Plaintiff just compensation for the property." Such relief is inappropriate and beyond the powers of the trial court, since damages for the appropriation or inverse condemnation of real property in Ohio is decided by probate courts. State ex rel. Shemo v. City of Mayfield Hts., 95 Ohio St.3d 59,2002-Ohio-1627.