OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} The Mercer County Board of Zoning Appeals appeals the judgment of the Mercer County Court of Common Pleas, which reversed and vacated the board's decision to deny a zoning variance to Phillip and Janet Haisley.
 {¶ 3} On August 15, 1996 the Haisleys purchased Lot Number 77 in Highland Park Addition, in Jefferson Township Mercer County, Ohio. A single family residence is located on Lot 77. On November 24, 1997, the Haisleys purchased adjoining Lot Number 76. Lot 76 has previously contained a residence. The residence on Lot 76 was fire damaged when the Haisleys purchased the lot. Prior to the end of 1998, the residence on Lot 76 was demolished. No residence was ever reconstructed on Lot 76.
 {¶ 4} In March 2006, the Haisley's discussed the sale of Lots 76 and 77 with the Mercer County Zoning Inspector. He informed the Haisleys that the lots did not meet the requirements of the Mercer County Zoning Resolution for minimum front footage and minimum size. Although this requirement has little effect on Lot 77 because it already contained a residence, Lot 76 could not be sold as a building lot because of the non-compliance with the zoning requirements for the size of a residential building lot.
 {¶ 5} On April 8, 2006 the Haisleys applied for a variance to the Mercer County Board of Zoning Appeals to permit them to sell Lot 76 as a building lot for a single *Page 3 
family residence. A public hearing was held to consider the zoning variance on May 16, 2006. No formal decision was issued nor was a transcript of the hearing created, but the acting secretary took the minutes of the meeting. The minutes include the testimony of the zoning inspector who stated that granting the variance would be creating two nonconforming lots. The Board of Zoning Appeals also heard the testimony of Phil Cozadd, a realtor, who stated that it was his belief that the lots were created years ago as building lots, and that he wished to have the option of marketing the lots separately. After the comments of Cozadd, a motion to deny the variance was made and the motion carried. The Board of Zoning Appeals did not state its reasoning for denying the variance.
 {¶ 6} The Haisleys filed a notice of appeal with the Mercer County Court of Common Pleas on December 15, 2006. Relying upon the briefs and written stipulations of the parties, the Court of Common Pleas reversed the decision of the Board of Zoning Appeals, stating that:
 Lot 76 does not qualify as a building lot as defined by the Zoning Resolution. However, the use of the lot as a single family residential lot has not changed. It is not the use of the dwelling or structure on the lot that is non-conforming since no such dwelling or structure now exists. Rather, it is the size of the lot for the purpose of a single family residential building lot that violates the Zoning Resolution.
 If the court were to affirm the ruling of the Board of Zoning Appeals, it would result in an unconstitutional taking of appellants' Lot 76. Neither appellee nor appellants have provided for the court any evidence that the lot, if unable to be used as a single family residential lot, could be used separately for any practical purpose. Therefore, *Page 4 such a ruling would render the lot useless for any practical purpose and amount to a confiscation of the property. That the appellants own adjacent Lot 77 is immaterial to such an improper result.
 The court is not willing to resolve the issues before the court in this case by approving an unconstitutional taking of appellants' property. It is for that reason that the court hereby determines the decision of the Mercer County Board of Zoning Appeals is unreasonable and improper. The court concludes that appellants' appeal is well founded upon just ground, and the relief appellants seek should be awarded.[1]
 {¶ 7} The Board of Zoning Appeals now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED ERROR WHEN IT DETERMINED THAT THE MINIMUM LOT SIZE REQUIREMENT OF THE APPELLANT'S ZONING RESOLUTION CONSTITUTED AN UNCONSTITUTUIONAL TAKING OF APPELLEE'S REAL PROPERTY
 {¶ 8} In their only assignment of error, the Board asserts that the trial court erred in finding that the requirement of a minimum lot size as regulated by Section 1123.00 of the Mercer County Zoning Code constituted an unconstitutional taking. Section 1123.00 of the Mercer County Zoning Code defines a building lot as:
 Any platted lot, a legally described parcel of land, or combination of adjacent platted lots or other described land that is identified on a deed as being owned by the same owner and is large enough for the construction of a residence. It may also be any combination of *Page 5 adjacent land deeded separately, but shown on the county's tax maps as owned by the same owner.
 {¶ 9} "The board is a public body, and therefore its decision on the application for a variance must be accorded a presumption of validity; the burden of showing that the decision is erroneous rests on the party contesting the decision." Miller Chevrolet, Inc. v. WilloughbyHills (1974), 38 Ohio St. 2d 298, 302, 313 N.E. 2d 400. Moreover, with regard to the issue of constitutionality, it is important to recognize that
 Decades of case law establish two unassailable propositions with respect to this court's determination of whether a zoning ordinance is constitutional:
 (1) Zoning ordinances are presumed constitutional.
 (2) The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate.
Goldberg Cos., Inc. v. Richmond Hts. City Council, 81 Ohio St.3d 207,1998-Ohio-207. When reviewing the judgment of the board of zoning appeals, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."Briggs v. Dinsmore Twp. Bd. of Zoning Appeals (2005),161 Ohio App.3d 704, 707, 831 N.E.2d 1063, 2005-Ohio-3077 see also Henley v. YoungstownBd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433,2002-Ohio-493. *Page 6 
 {¶ 10} Alternatively, this Court has concluded that "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.'" Briggs, 161 Ohio App.3d at 707 citingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848.
 This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
Briggs, 161 Ohio App.3d at 707-708. Furthermore, this Court has recognized that administrative appeals under R.C. 2506.04 are reviewed under an abuse of discretion standard. Id. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} In the instant case, the trial court considered the Haisleys' contentions and determined that the decision of the Board of Zoning Appeals was "unreasonable and improper," and if affirmed would result in an unconstitutional taking. The United States and Ohio Constitutions guarantee that private property shall not be taken for public use *Page 7 
without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution.
 {¶ 12} In Goldberg Cos., Inc. v. Richmond Hts. City Council, the Ohio Supreme Court adopted the United States Supreme Court's land-use regulation test from Agins v. Tiburon (1980), 447 U.S. 255,100 S.Ct. 2138. Goldberg Cos., Inc. v. Richmond Hts. City Council, supra. Under the test articulated in Agins, a party could establish a zoning related takings claim on one of two grounds: (1) the zoning provision did not substantially advance a legitimate municipal health, safety or welfare interest, or (2) the zoning restriction deprived an owner of all economically viable use of the property. Id.
 {¶ 13} The Supreme Court recently reconsidered the Agins test. InLingle v. Chevron U.S.A., Inc. (2005), 544 U.S. 528, 125 S.Ct. 2074, the United States Supreme Court overturned Agins, holding that the "substantially advance[s]" standard is not an appropriate test for determining whether a regulation effects a taking. Id. at 528. The United States Supreme Court further held that the "substantially advances" formula is a due process test, which has no place in takings jurisprudence.
 {¶ 14} The United States District Court for the Southern District of Ohio, in Trafalgar Corp. v. Miami County Bd. of CountyCommissioners, recently addressed Lingle. The district court noted that
 Takings Clause claims could be shown only (1) where there is a permanent physical invasion of property (Loretto v. Teleprompter Manhattan CA TV Corp. (1982), 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (state law requiring landlords to permit cable companies *Page 8 to install cable facilities in apartment buildings effected a taking); (2)regulations completely deprive an owner of all economically beneficial uses of the property (Lucas v. South Carolina Coastal Council (1992), 505 U.S. 1003, 1014, 112 S.Ct. 2886, 120 L.Ed.2d 798; or (3) takings governed by Penn Central Transp. Co. v. New York City (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631.
Trafalgar Corp. v. Miami County Board of County Commissioners (March 14, 2006), Western Dist. No. 3:05-CV-084 citing Lingle, 544 U.S. at syllabus.
 {¶ 15} As a result, the sole test for whether an unconstitutional taking occurred in the present case is now whether the regulation completely deprived the owners of all economically beneficial uses of the property. Lingle, supra. Moreover, the Haisleys bear the burden of proving the zoning ordinance is unconstitutional in the present case.
 {¶ 16} Unfortunately, neither the record nor the decision of the trial court demonstrates that the Haisleys carried their burden of proving Section 1123.00 unconstitutional as applied or that the board's denial of the variance constituted an unconstitutional taking. Instead, the decision of the trial court appears to have improperly looked to the Board of Zoning Appeals to carry the burden of proving the constitutionality of Section 1123.00.
 {¶ 17} It is further unclear what test the Common Pleas Court applied in order to conclude that an unconstitutional taking occurred. InPengel v. City of Mentor-on-the-Lake, the Lake County Court of Common Pleas held that the City of Mentor-on-the-Lake's zoning ordinance section 1252.04 was unconstitutional as applied to a sub lot owned by Pengel, and that the denial of a variance by the city constituted an *Page 9 
unconstitutional taking. Pengel v. City of Mentor-on-the-Lake, 11th Dist. App. No. 2004-L-158, 2005-Ohio-5118.
 {¶ 18} As in the present case, the zoning ordinance in Pengel required a minimum lot size in order to allow the building of a residence on the lot. The 11th District Court of Appeals, in considering the Pengel case, remanded the case, stating that the trial court must determine whether the taking was based on the outdated rule articulated in Agins or on the current test, articulated in Lingle, of whether "appellants' actions rendered appellee's property economically nonviable." Pengel, at ¶ 26.
 {¶ 19} As in Pengel, this Court is left without an indication of what standard was applied when the trial court reviewed the decision of the board. Nor does the record in this case contain sufficient evidence to justify the trial court's findings and determinations on other grounds, such as being unreasonable, arbitrary or otherwise contrary to law. Under these circumstances we must find an abuse of discretion in the trial court's decision and the assignment of error is sustained.
 {¶ 20} Following the precedent of the Pengel decision, we remand this case to the trial court for a determination whether pursuant to Section 1123.00 of the Mercer County Zoning Code and the decision inLingle, the board's decision to deny the Haisleys' *Page 10 
application for a variance is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by substantial, reliable, and probative evidence.
PRESTON and WILLAMOWSKI, JJ., concur.
[1] The trial court found that the Zoning Inspector advised the Haisley's to seek a variance in order to use lot 76 as a building lot because the lot could not properly be considered a residential building lot under a prior non-conforming use exception. Section 1000.3 Mercer County Zoning Code provides that "A nonconforming use which is discontinued for a period of one year shall not again be used except in conformity with the regulations of the district in which it is located." The residence on Lot 76 was demolished before the end of 1998, and therefore, the period in which a prior non-conforming use exception was available expired before the end of 1999. *Page 1