OPINION
 I. Facts/Procedural Posture {¶ 1} Plaintiffs-appellants, cross-appellees, Barbara Schellhardt, Dr. Thomas J. Hurm, and The Dine Family Cottage, Inc. (hereinafter "appellants" or "cross-appellees"), appeal the Mercer County Court of Common Pleas judgment in favor of defendant-appellees, Mercer County Commissioners, Brice Blair, and John and Michelle Kishler (hereinafter "Kishlers") (collectively "appellees") affirming the Mercer County Board of Zoning Appeals' (hereinafter "BZA") grant of a zoning variance in favor of the Kishlers. The Kishlers also filed an appeal of the trial court's judgment in favor of plaintiff-appellants with respect to the trial court's denial of their motions to dismiss and for attorney fees. For reasons that follow, we affirm in part and reverse in part. *Page 3 
 {¶ 2} The Kishlers own property in the Idlewild subdivision located on St. Mary's lake in Jefferson Township, Mercer County, Ohio. (Dec. 3, 2005 Tr. at 3); (January 31, 2006 Tr. at 6). On November 6, 2004, the Kishlers filed an application for a zoning variance with the BZA in order to build a garage. (Nov. 6, 2007 JE at 5). On April 12, 2005, the BZA held a hearing and denied the variance request. (Appellant's Appendix 1).
 {¶ 3} Thereafter, the Kishlers filed an appeal in the Mercer County Court of Common Pleas. During a pretrial conference with the parties' counsel on May 19, 2005, the trial court discovered that there was no transcript of the proceeding before the BZA. On July 11, 2005, the trial court held another pretrial/scheduling conference wherein it determined that the matter should be "remanded * * * for purposes of a rehearing consistent with the requirements of Section 303.15 of the Revised Code, specifically the production of a transcript of the proceedings before the Board regarding the Application for Variance in this matter" and terminated the case. (Aug. 16, 2005 JE); (Nov. 6, 2007 JE at 1).
 {¶ 4} On November 16, 2005, the Kishlers filed a new/amended zoning variance application with the BZA. The hearing on the new/amended application was scheduled for December 3, 2005 but was continued and rescheduled for January 3, 2006. (Nov. 6, 2007 JE at 1-2); (Dec. 3, 2005 Tr.); (Jan. 3, 2006 Tr.). On January 31, 2006, the BZA issued its decision, this time granting the Kishlers' variance request. *Page 4 
 {¶ 5} Appellants subsequently appealed this decision to the trial court. On November 6, 2007, the trial court issued its judgment entry affirming the BZA's decision to grant the Kishlers' variance request. On December 5, 2007, appellants filed an appeal to this Court. On December 17, 2007, the Kishlers filed a cross-appeal to this Court.
 {¶ 6} Appellants now appeal asserting two assignments of error for review. Appellees John and Michelle Kishler have also asserted two assignments of error on cross-appeal. We will address appellants' assignments of error first, then appellees' assignments of error on cross-appeal.
 II. Standard of Review {¶ 7} This Court has recently stated the applicable standards of review in administrative appeals:
 When reviewing the judgment of the board of zoning appeals, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."
Haisley v. Mercer Cty. Bd. of Zoning Appeals, 3d Dist. No. 10-07-05,2007-Ohio-6021, ¶ 9, citing Briggs v. Dinsmore Twp. Bd. of ZoningAppeals, 161 Ohio App.3d 704, 707, 2005-Ohio-3077, 831 N.E.2d 1063;Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433. An appellate court's review, however, is limited to questions of law. Id. at ¶ 10, citing Briggs, *Page 5 161 Ohio App.3d at 707-708. One such question of law includes whether the trial court abused its discretion. Briggs, 161 Ohio App. at 708. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. "Appellate courts must not substitute their judgment for those of the administrative agency or the trial court absent the approved criteria for doing so." Haisley, 2007-Ohio-6021, at ¶ 10, citing Briggs, 161 Ohio App.3d at 707-708.
 III. Analysis APPELLANTS' ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED BY DENYING PLAINTIFFS'/APPELLANTS' MOTION TO REVERSE AND VACATE THE BZA'S DECISION OF JANUARY 31, 2006, BASED UPON RES JUDICATA.
 {¶ 8} In their first assignment of error, appellants argue that the trial court erred by finding that the BZA was not bound to its April 12, 2005 decision to deny the Kishlers' variance request by the doctrine of res judicata. Appellants argue that the trial court specifically ordered that the matter be remanded for the purposes of a transcript, and that the BZA was not permitted to render a new decision.
 {¶ 9} Appellees, on the other hand, argue that the trial court remanded for a new hearing on the matter in accordance with R.C. 303.15
and terminated the prior action. Appellees argue that the BZA's jurisdiction was revived upon *Page 6 
remand from the trial court, and it was permitted to issue a new decision, citing Superior Medal Products, Inc. v. Ohio Bureau of Emp.Servs. (1975), 41 Ohio St.2d 143, 324 N.E.2d 179. In addition, appellees argue that res judicata does not apply in this case because a new/amended application was filed with additional pertinent information not presented during the April 12, 2005 BZA hearing. We agree with appellees that res judicata does not apply in this case, and the BZA was permitted to issue a new decision.
 {¶ 10} The trial court's judgment entry provides, in pertinent part:
 IT IS THE ORDER OF THIS COURT that the matter be remanded to the Mercer County Board of Zoning Appeals for rehearing consistent with the requirements of Section 303.15 of the Revised Code, specifically the production of a transcript of the proceedings before the Board regarding the Application for Variance in this matter. This matter is therefore terminated for reporting purposes. Costs are assessed to plaintiffs.
(Aug. 16, 2005 JE).
 {¶ 11} The trial court's judgment entry only instructed the BZA to conduct a rehearing; it did not instruct as to the outcome of the rehearing. Since the trial court only remanded the matter for rehearing and did not render a determination on the merits, the trial court's judgment was not a final appealable order. Wedgewood Ltd. Partnership Iv. Liberty Twp. Bd. of Zoning Appeals, 169 Ohio App.3d 840,2007-Ohio-62, 865 N.E.2d 123, ¶¶ 52-54; Shakers Tower Condominium v.Cleveland Fire Dept. (2000), 135 Ohio App.3d 742, 745, 735 N.E.2d 520;Neary v. Bd. of Zoning Appeals (Jul. 30, 1999), 2nd Dist. No. 17428, *Page 7 
at *4. Since the trial court's order was not a final appealable order, res judicata does not apply. State ex rel. Denton v. Bedinghaus,98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 14, quoting Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). Furthermore, when the trial court remanded for a new hearing, the BZA's jurisdiction was revived and it was entitled to render a new decision. State ex rel.Chagrin Falls v. Geauga Cty. Bd. of Commrs., 96 Ohio St.3d 400,2002-Ohio-4906, 775 N.E.2d 512, ¶ 11.
 {¶ 12} Appellants' first assignment of error is, therefore, overruled.
 APPELLANTS' ASSIGNMENT OF ERROR NO. II THE COMMON PLEAS COURT ERRED, AS A MATTER OF LAW, WHEN IT FAILED TO REVERSE THE JANUARY 31, 2006, DECISION OF THE BZA, BECAUSE THERE WAS NO SUBSTANTIAL, RELIABLE, PROBATIVE EVIDENCE TO SUPPORT OR AFFIRM THAT DECISION, AS THAT DECISION WAS ILLEGAL, ARBITRARY, AND CAPRICIOUS.
 {¶ 13} In their second assignment of error, appellants argue that the BZA's decision was in error because it did not apply the "unnecessary hardship" standard; and therefore, the trial court erred when it failed to reverse the BZA's decision. Specifically, appellants argue that the Kishlers could use their property for other conforming uses under the zoning code, and the Kishlers had knowledge of the *Page 8 
zoning requirements before they purchased the property. As such, the Kishlers did not, as a matter of law, demonstrate the "unnecessary hardship" required for granting the variance. The Kishlers, on the other hand, argue that under R.C. 303.14(B) the BZA may deny the zoning variance if the applicant fails to show an "unnecessary hardship," but it is not required to deny the application. We disagree with the Kishlers.
 {¶ 14} R.C. 303.14 provides, in pertinent part:
 The county board of zoning appeals may:
 (B) Authorize upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;
Although this Court has not interpreted R.C. 303.14(B), we have interpreted the analogous provision for variances granted by townships found in R.C. 519.14(B). R.C. 519.14(B) provides the same standard found in R.C. 303.14(B):
 The township board of zoning appeals may:
 (B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done; *Page 9 
Under R.C. 519.14(B), a township may grant a variance if: (1) the variance will not be contrary to the public interest; (2) owing to special conditions, literal enforcement of the resolution will result in unnecessary hardship; (3) the spirit of the zoning resolution shall be observed; and (4) substantial justice shall be done. Cole v. Bd. ofZoning Appeals for Marion Twp. (1973), 39 Ohio App.2d 177, 182,317 N.E.2d 65. Since the language of R.C. 519.14(B) is identical to R.C. 303.14(B), we hold that whether a county board of zoning appeals may grant a variance is answered by this same four-prong inquiry outlined inCole, supra.
 {¶ 15} At oral argument, the BZA suggested that two separate standards for variances exist, one for "use" variances and one for "area" variances. This assertion derives from Kisil v. City of Sandusky (1984),12 Ohio St.3d 30, 465 N.E.2d 848 and Duncan v. Middlefield (1986),23 Ohio St.3d 83, 491 N.E.2d 692 wherein the Ohio Supreme Court held that a zoning board should apply an "unnecessary hardship" standard to use variances but a "practical difficulties" standard for area variances. This same argument was addressed and rejected by this Court in the context of R.C. 519.14(B). In re Appeal of Am. Outdoor Advertising,L.L.C., 3d Dist. No. 14-02-27, 2003-Ohio-1820, ¶¶ 8-9.
 {¶ 16} In Outdoor Advertising, we found that the "practical difficulty" standard articulated by the Ohio Supreme Court for area variances was limited to municipalities. 2003-Ohio-1820, at ¶¶ 8-9. In reaching that decision, we reasoned that municipalities were subject to different rules because their authority to enact *Page 10 
zoning ordinances was inherent and derived from their constitutional home rule authority. Outdoor Advertising, 2003-Ohio-1820, at ¶ 8. See also, Dsuban v. Union Twp. Bd. of Zoning Appeals (2000),140 Ohio App.3d 602, 608, 748 N.E.2d 597. We said that the authority for townships to enact zoning ordinances, on the other hand, was a police power granted by the State via the General Assembly; and therefore, the township's zoning authority was limited to that which the General Assembly specifically granted. Outdoor Advertising, 2003-Ohio-1820, at ¶ 8, citing Dsuban, 140 Ohio App.3d at 608, quoting Bd. of Bainbridge Twp.Trustees v. Funtime, Inc. (1999), 55 Ohio St.3d 106, 563 N.E.2d 717, paragraph one of the syllabus. We also recognized that the statute authorizing townships with the ability to grant variances, R.C. 519.14(B), specifically provided an "unnecessary hardship" standard and did not provide separate standards for use or area variances. Id. at ¶ 9. As such, we concluded: "regardless of whether the application * * * was for an area or use variance, the appropriate standard is whether denial of the variance would produce an unnecessary hardship." Id.
 {¶ 17} This case involves a county, which, like townships, derive their authority to enact zoning regulations from the State via the General Assembly. Holiday Homes, Inc. v. Butler County Bd. of ZoningAppeals (1987), 35 Ohio App.3d 161, 165, 520 N.E.2d 605; AmericanAggregates Corp. v. Warren County Com'rs (Apr. 20, 1987), 12th Dist. No. CA86-06-035, at *2. As such, we must look to the grant of authority provided to the county zoning board by statute. The *Page 11 
statutory language authorizing county boards of zoning appeals with the ability to grant variances is identical to that for townships, and that language contains the "unnecessary hardship" standard. R.C. 303.14(B);519.14(B). Thus, like in Outdoor Advertising, we must reject the argument that the lesser "practical difficulty" standard applies to area variances because the plain language of R.C. 303.14(B) provides otherwise. An "unnecessary hardship" occurs:
 * * * when there is no economically feasible permitted use of the property because of characteristics unique to the property. "Merely stating that the land would be more valuable with the variance, or less valuable without it, does not amount to a sufficient "hardship." Rather, evidence must be presented to show that the property is unsuitable to any of the permitted uses as zoned. Additionally, a hardship is not considered "unnecessary" if the landowners imposed the hardship upon themselves.
Outdoor Advertising, 2003-Ohio-1820, at ¶ 10, citing Chafe Towing, LLCv. Springfield Twp. (Dec. 19, 2001), 9th Dist. No. 20632, citingHulligan v. Bd. of Zoning Appeals (1978), 59 Ohio App.2d 105, 109,392 N.E.2d 1272; Fox v. Shriver-Allison Co. (1971), 28 Ohio App.2d 175, 181,275 N.E.2d 637; Cole, 39 Ohio App.2d at 183-84; Consol. Mgmt., Inc. v.Cleveland (1983), 6 Ohio St.3d 238, 242, 452 N.E.2d 1287.
 {¶ 18} We, therefore, further hold that in order to grant a variance under R.C. 303.14(B), a county board of zoning appeals must find that "owing to special conditions, literal enforcement of the resolution will result in unnecessary hardship." R.C. 303.14(B); Cole,39 Ohio App.2d at 182; Briggs, 2005-Ohio- *Page 12 
3077, at ¶ 12. A county zoning regulation that purports to create a standard for granting variances different from that provided in R.C. 303.14 is invalid and unenforceable. Outdoor Advertising, 2003-Ohio-1820, at ¶ 9. See also, Cole, 39 Ohio App.2d 177, at paragraph two of the syllabus; Briggs, 2005-Ohio-3077, at ¶ 12.
 {¶ 19} The trial court failed to review the BZA's findings underCole's four-prong inquiry. 39 Ohio App.2d at 182. Specifically, the trial court failed to find that a preponderance of substantial, reliable, and probative evidence supported the BZA's "unnecessary hardship" finding. Haisley, 2007-Ohio-6021, at ¶ 9, citingBriggs, 2005-Ohio-3077; Henley, 90 Ohio St.3d at 147. As such, the trial court abused its discretion; and therefore, we must remand for the trial court to apply the appropriate "unnecessary hardship" standard.Briggs, 2005-Ohio-3077, at ¶ 12.
 {¶ 20} Appellants' second assignment of error is, therefore, sustained.
 CROSS-APPELLANTS' ASSIGNMENT OF ERROR NO. I THE COURT ERRED WHEN IT DID NOT SUMMARILY DISMISS PLAINTIFFS-APPELLANTS' COMPLAINTS, AMENDED COMPLAINTS, AND MOTION AS THE SAME DID NOT FOLLOW APPROPRIATE STATUTES OR RULES.
 {¶ 21} In their first assignment of error on cross-appeal, the Kishlers argue that the trial court erred when it did not dismiss plaintiff-appellants for failing to follow the applicable statutes and rules of appellate procedure. In addition, they *Page 13 
argue that the trial court erred in not granting their motion to dismiss some of the plaintiff-appellants because they failed to allege standing as they were not adjacent property owners. Appellants, on the other hand, argue that they followed R.C. 2506.03(A)'s requirement to proceed "as in the trial of a civil action." As to standing, appellants argue that they sufficiently alleged that they would suffer harm as a result of the zoning variance.
 {¶ 22} The trial court found that the plaintiff-appellants sufficiently alleged that the BZA's decision adversely affected the use and enjoyment of their property for standing to appeal under R.C. 2506.01 and to establish that they were real parties under Civ. R. 17(A). (Nov. 6, 2007 JE at 2). The trial court also found that it had proceeded substantially under the rules of appellate procedure consistent with R.C. Chapter 2105 and R.C. Chapter 2506. (Id. at 5). We agree.
 {¶ 23} The Kishlers first allege that the plaintiff-appellants failed to follow the applicable statutes or rules of appellate procedure. Noticeably missing from their allegation, however, is any citation to the record or applicable statutes, appellate rules, or case law indicating error. It is the cross-appellants' burden to present the reasons for their contentions with appropriate citations. App. R. 16(A)(7). We, therefore, need not consider this argument further. App. R. 12(A)(2).
 {¶ 24} The Kishlers' second argument is that plaintiff-appellants failed to allege that they were adjacent property owners or are about to suffer harm to *Page 14 
themselves. This argument is lacking both factually and legally. Factually, plaintiff-appellants did allege that they would suffer harm. (Complaint at ¶ 1); (Plaintiff-Appellants Response to Motion to Dismiss). Legally, "[t]he power to dismiss a case is within the trial court's discretion, and appellate review is limited to determining whether the lower court abused that discretion." Bishop v. MarionTownship Bd. of Zoning Appeals (Dec. 10, 1997), 3d Dist. No. 5-97-29, at *1, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore,5 Ohio St.3d at 219.
 {¶ 25} After reviewing the record, including the motions and reply memoranda before the trial court, we cannot conclude that the trial court abused its discretion by failing to dismiss the case.
 {¶ 26} For these reasons, cross-appellants' first assignment of error is overruled.
 CROSS-APPELLANTS' ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER DEFENDANTS-APPELLEES/CROSS-APPELLANTS' REQUEST FOR ATTORNEY FEES FOR FRIVOLOUS ACTION.
 {¶ 27} In their second cross-assignment of error, the Kishlers argue that the trial court erred when it failed to grant attorney fees because appellants' action was frivolous. We disagree. *Page 15 
 {¶ 28} A trial court's decision with respect to an award of attorneys fees pursuant to Civ. R. 11 or R.C. 2323.51 is reviewed under an abuse of discretion standard. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65, 505 N.E.2d 966; Turowski v. Johnson (1991), 70 Ohio App.3d 118, 123,590 N.E.2d 434; Gordon Food Service, Inc. v. Hot Dog John's, Inc.
(1991), 76 Ohio App.3d 105, 112, 601 N.E.2d 131. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 29} Since we have sustained one of appellants' assignments of error, we cannot find that the trial court abused its discretion in failing to find the appellants' action frivolous and to award attorneys fees.
 {¶ 30} Cross-appellants' second assignment of error two is, therefore, overruled.
 IV. Conclusion {¶ 31} For all these reasons, we affirm the trial court's judgment with respect to appellants' assignment of error one and cross-appellants' assignments of error one and two, but we reverse the trial court's judgment with respect to appellants' assignment of error two and remand for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
 SHAW, P.J. and ROGERS, J., concur. *Page 1